UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEMARION BROWN,
    Plaintiff,

v.                                    Case No.: 3:23cv23976/LAC/ZCB

D. SASSER, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff is a Florida inmate proceeding *pro se* and *in forma pauperis* in this civil rights action. Presently before the Court is Plaintiff's amended complaint. (Doc. 10). The Court is statutorily required to screen Plaintiff's amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). Having reviewed the amended complaint, the Court believes Plaintiff's claims

1

against Defendants Dykes and Scruggs should be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[1]

## I. Background

Plaintiff names five Defendants—all from Santa Rosa Correctional Institution—in their individual capacities: (1) Sergeant D. Sasser, (2) Correctional Officer J. Vaughan, (3) Correctional Officer J. Bishop, (4) Sergeant Scruggs, and (5) Lieutenant Dykes. (Doc. 10 at 3-5).

Plaintiff alleges that on August 16, 2022, he was scheduled for a "serious medical callout because [he] had turned in a sick call for having serious TB symptoms." (*Id.* at 7). Plaintiff alleges Defendant Scruggs came to "pull [Plaintiff] out" for medical callout. (*Id.*). Defendant Scruggs allegedly instructed Plaintiff and his cellmate to submit to hand restraints. (*Id.*). Defendant Scruggs and Plaintiff's cellmate had a "light

---

[1] Plaintiff was provided with an opportunity to amend his complaint when a prior version was found deficient. (Doc. 6). The Court pointed out the deficiencies in Plaintiff's complaint and instructed him to correct them in an amended complaint. (*Id*). Although Plaintiff has filed the amended complaint, he has still failed to plausibly allege claims against Defendants Dykes and Scruggs. Thus, dismissal of Plaintiff's claims against those Defendants is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismiss the complaint").

verbal disagreement," which led Defendant Scruggs to stomp off leaving Plaintiff and Plaintiff's cellmate in cuffs. (*Id.*).

Plaintiff claims that Defendant Scruggs and another officer on duty, Defendant Sasser, left Plaintiff in handcuffs from approximately 8:00 to 8:45 a.m. (*Id.* at 8). Around 8:45 a.m., Defendants Scruggs and Sasser returned to uncuff Plaintiff, but at that point Plaintiff had missed his medical callout. (*Id.*). Plaintiff was "aggressively" informed that he would not be escorted out of his cell to medical callout. (*Id.*).

While handcuffed, Plaintiff "went into a serious frenzied mental state." (*Id.*). This was in part because of being left in handcuffs and in part because he was out of his medication and had an "immediate need" for a refill. (*Id.* at 9). Plaintiff then told Defendant Scruggs that he was suicidal and claimed a psychological emergency. (*Id.*). He also informed Defendant Dykes that he "felt like hurting [himself] and needed to speak with mental health." (*Id.*). Defendant Dykes replied, "we[']ll get to it when your [sic] dead." (*Id.*). Plaintiff informed Defendant Sasser of his feelings of self-harm and asked to speak with someone. (*Id.*). Defendant Sasser responded, "No just go kill yourself" as he "pointed up towards the light fixture as in telling [Plaintiff] to hang himself." (*Id.*).

At approximately 9:20 a.m., Plaintiff claims he "went into an unresponsive state" while "on the toilet." (*Id.*). Plaintiff alleges he "felt alone and like no one care[d] for [him]." (*Id.*). Plaintiff alleges that around 9:25 to 9:28 a.m., Defendants Sasser, Vaughan, Bishop, and Scruggs "conducted an unlawful and procedurally incorrect life safety check." (*Id.*). During the life safety check, Plaintiff alleges Defendants Sasser, Vaughan, and Bishop "ran into [his] cell with the shield knocking [him] off the toilet and began striking and beating [him] with their bare hands in the ribs, stomach and side and back of [Plaintiff's] head area[.]" (*Id.*).

Plaintiff claims he was seen by medical staff but was wrongfully cleared and his injuries were not documented. (*Id.* at 10). Plaintiff was sent back to his cell with a "purple bruise on [his] stomach and large lumps on the back and side of [his] head that both held excruciating pain." (*Id.*). Plaintiff also alleges that a few days later he was seen by a doctor, but Plaintiff was "afraid" to tell the doctor about the injuries "because of a serious threat by Defendant Sasser saying [Defendants] would come back and do it again if [Plaintiff] told anyone on them." (*Id.*).

Plaintiff brings Sixth and Eighth Amendment claims against Defendants Dykes and Scruggs for denying his psychological emergency, his right to mental health counsel, and refusing to take him to his medical callout. (*Id.* at 11). He also brings claims of excessive force against Defendants Sasser, Vaughan, and Bishop. (*Id.*). As relief, Plaintiff seeks $250,000 in damages from each Defendant. (*Id.*).

## II.  Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

**A. Plaintiff fails to plausibly allege a Sixth Amendment claim.**

Plaintiff alleges that Defendants Dykes and Scruggs violated his Sixth Amendment rights "by denying [his] psychological emergency and right to mental health counsel. And also by refusing [his] sickcall to medical for [his] T.B." (Doc. 10 at 11).

The Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ; to be confronted with the witnesses against him; to have compulsory process

6

for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.  The Sixth Amendment applies only in "criminal prosecutions." *Id.*  Here, Plaintiff's allegations are part of a civil case based on the conditions of his confinement.  This case does not involve Plaintiff's criminal prosecution nor is Plaintiff seeking relief for actions that were allegedly taken in a criminal prosecution.  Because the Sixth Amendment right to a speedy trial, to present witnesses, and be appointed counsel are inapplicable outside of a criminal prosecution context, Plaintiff's Sixth Amendment claim against Defendants Dykes and Scruggs fails as a matter of law.  *See United States v. Reese*, 775 F.3d 1327, 1329 (11th Cir. 2015) ("The Sixth Amendment applies only to 'criminal prosecutions[.]'").

### B. Plaintiff fails to state a plausible claim under the Eighth Amendment against Defendants Dykes and Scruggs.

Plaintiff claims Defendants Dykes and Scruggs violated his Eighth Amendment rights by (1) denying his psychological emergency and right to mental health counsel, and (2) refusing to take him to sick call for his tuberculosis symptoms.  Plaintiff has failed to plausibly allege an Eighth Amendment claim in either circumstance.

The Eighth Amendment forbids the "inflict[ion]" of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that it is "cruel and unusual punishment" for prison officials to act with "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prevail on a deliberate indifference claim based on the denial or delay of medical care, a plaintiff must show: (1) an objectively serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury. *Roy v. Ivy*, 53 F.4th 1338, 1346-47 (11th Cir. 2022).

With regards to Plaintiff's claims that Defendants Dykes and Scruggs violated his Eighth Amendment rights by refusing to take him to sick call for his tuberculous symptoms, Plaintiff's claim fails because Plaintiff has not plausibly alleged that Defendant Dykes and Scruggs's denial of medical care exacerbated his tuberculosis. *See Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (recognizing that a claim for denial or delay of medical care must result in a worsening of the medical condition or injuries stemming from the medical condition). Plaintiff does not allege that his tuberculosis symptoms

8

worsened because he missed his sick call nor has he alleged that missing sick call caused other injuries. Because Plaintiff fails to plausibly allege Defendants Dykes and Scruggs caused injury by failing to take him to his sick call, his Eighth Amendment allegation against Defendants Dykes and Scruggs for missing his sick call fails to state a claim.

As for Plaintiff's claim that Defendants Dykes and Scruggs were deliberately indifferent to his psychological emergency, Plaintiff has failed to plausibly allege that Defendants Dykes and Scruggs acted with deliberate indifference. To satisfy the subjective prong, a plaintiff must prove that prison officials (1) had "subjective knowledge of a risk of serious harm," (2) disregarded that risk, and (3) acted with more than mere negligence. *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (cleaned up).

In the self-harm context, a "defendant [must] deliberately disregard a strong likelihood rather than a mere possibility that the self-infliction of harm will occur." *Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008) (cleaned up). "[T]he mere opportunity for suicide, without more, is clearly insufficient to impose liability on those charged with the care of prisoners." *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1540

9

(11th Cir. 1994). For example, "[w]here prison personnel directly responsible for inmate care have knowledge that an inmate has attempted, or even threatened, suicide, their failure to take steps to prevent that inmate from committing suicide can amount to deliberate indifference." *Greason v. Kemp*, 891 F.2d 829, 835-36 (11th Cir. 1990).

Here, Plaintiff alleges that he informed Defendants Scruggs and Dykes that he was having feelings of self-harm. Plaintiff does not allege, however, that he had a history of or propensity towards self-harm, a specific mental health diagnosis, or any other facts that could plausibly demonstrate that Defendants were aware there was more than a "mere opportunity" for Plaintiff to commit self-harm. Plaintiff only alleges that he made comments threatening self-harm to different officers individually. Therefore, Plaintiff does not plausibly allege there was a "strong likelihood" of self-harm as is required to state a plausible deliberate indifference claim in this context. *See Gish*, 516 F.3d at 954-55; *see also Cunningham v. Grier*, No. 2:20-cv-44, 2022 WL 17880974, at *5 (M.D. Ala. Nov. 28, 2022) (determining the defendants were not deliberately indifferent to the inmate's suicide risk when there was no allegation that the inmate "was suicidal or had a history of self-harm

about which [the d]efendant was aware" or that the inmate had the means to carry out a threat of self-harm); *Bell v. Stigers*, 937 F.2d 1340, 1341 (8th Cir. 1991) (holding that an officer's failure to take the inmate's off-hand comment about shooting himself seriously was at most negligent and not deliberate indifference).

Additionally, a deliberate indifference claim requires "causation between the defendant's indifference and the plaintiff's injury." *Roy*, 53 F.4th at 1346-47. Plaintiff has failed to plausibly allege that the conduct of Defendants Dykes and Scruggs caused him injury. There is no allegation that because Defendant Dykes and Scruggs acted with deliberate indifference to Plaintiff's feelings of self-harm a particular injury resulted. It does not appear that Plaintiff harmed himself as a result of Defendants Dykes and Scruggs' alleged failure to take action in response to Plaintiff's expression of feelings of self-harm. Thus, Plaintiff has not stated a plausible deliberate indifference claim against Defendants Dykes and Scruggs.

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's claims against Defendants Dykes and Scruggs be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. The Clerk of Court be directed to terminate Defendants Dykes and Scruggs as parties in this case.

3. This matter be recommitted to the undersigned for further proceedings on Plaintiff's excessive force claims against Defendants Sasser, Vaughan, and Bishop.

At Pensacola, Florida this 20th day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.