UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEMARION BROWN,
    Plaintiff,

v.                                          Case No.: 3:23cv23976/LAC/ZCB

D. SASSER, et al.,
    Defendants.
                                        /

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint under 42 U.S.C. § 1983 and was granted *in forma pauperis* status. (Docs. 1, 5). On December 20, 2023, the Court directed Plaintiff to provide the Court with three copies of the first amended complaint to facilitate service upon Defendants. (Doc. 12). The Court notified Plaintiff that his failure to provide the service copies would result in a recommendation of dismissal of this case. (*Id.* at 2).

On January 22, 2024, Plaintiff filed a motion requesting a 30-day extension of time to provide service copies and filed a "Notice of Change of Address." (Docs. 14, 15). The Court granted Plaintiff's motion, extending the deadline to provide service copies to February 19, 2024. (Doc. 16). Plaintiff did not provide the service copies within the time allowed. Therefore, on February 28, 2024, the Court ordered Plaintiff to

1

show cause, within fourteen days, why the case should not be dismissed for his failure to comply with an order of the Court. (Doc. 18). The time for compliance with the show cause order has expired, and Plaintiff has neither responded to the order nor provided the service copies. And because the Court is unable to reach Plaintiff, the issuance of any further orders would be futile.[1]

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the Court and failure to keep the Court apprised of his current address. *See* N.D. Fla. Loc. R. 41.1 (authorizing dismissal when "a party

---

[1] The Court sent the extension order and order to show cause to Plaintiff at the address listed in his "Notice of Change of Address." (Docs. 15, 16, 17, 18, 19). Both orders were returned "undeliverable." (Docs. 17, 19). At the outset of this case, Plaintiff was sent a "Notice to Pro Se Litigant" that specifically informed him that he was required to keep the Clerk of Court apprised of his current mailing address. (Doc. 4 at 2). Plaintiff's failure to keep the Court apprised of an accurate address does not excuse his failure to comply with Court orders. *See, e.g.*, *Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming dismissal when the plaintiff's failure to receive and comply with a court order was a result of the plaintiff's failure to keep the court apprised of his current address); *McDowell v. Ham*, No. 5:09cv31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because plaintiff had been on notice of his duty to advise the court of any change in his mailing address and had failed to do so).

fails to comply with an applicable rule or court order"); *see also Ho v. Costello*, 757 F. App'x 912, 914 (11th Cir. 2018) (affirming *sua sponte* dismissal without prejudice for failure to follow court orders); *Floyd v. Sec'y, Fla. Dep't of Corr.*, No. 3:21-cv-171, 2021 WL 3609330, at *1-2 (N.D. Fla. July 9, 2021), *adopted by* 2021 WL 3604075 (dismissing habeas petition where petitioner failed to comply with court order to provide service copies and did not respond to show cause order).

At Pensacola, Florida, this 18th day of March 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.